AO 120 (Rev. 3/04)

| TO: | Mail Stop 8<br>Director of the U.S. Patent and Trademark Office<br>P.O. Box 1450<br>Alexandria, VA 22313-1450 | REPORT ON THE<br>FILING OR DETERMINATION OF AN<br>ACTION REGARDING A PATENT OR<br>TRADEMARK |
|---|---|---|

In Compliance with 35 U.S.C. § 290 and/or 15 U.S.C. § 1116 you are hereby advised that a court action has been filed in the U.S. District Court _____Delaware_____ on the following  X Patents or  ☐ Trademarks:

| DOCKET NO.<br>08cv16 | DATE FILED<br>1/9/08 | U.S. DISTRICT COURT<br>DISTRICT OF DELAWARE |
|---|---|---|
| PLAINTIFF<br>Riverbed Technology Inc. | | DEFENDANT<br>Quantum Corporation<br>A.C.N. 120 786 012 PTY Ltd.<br>Rocksoft Ltd. |

| | PATENT OR TRADEMARK NO. | DATE OF PATENT OR TRADEMARK | HOLDER OF PATENT OR TRADEMARK |
|---|---|---|---|
| 1 | 5,990,810 | 11/23/99 | Ross Neil Williams |
| 2 | | | |
| 3 | | | |
| 4 | | | |
| 5 | | | |

In the above—entitled case, the following patent(s)/ trademark(s) have been included:

| DATE INCLUDED | INCLUDED BY  ☐ Amendment  ☐ Answer  ☐ Cross Bill  ☐ Other Pleading |
|---|---|

| | PATENT OR TRADEMARK NO. | DATE OF PATENT OR TRADEMARK | HOLDER OF PATENT OR TRADEMARK |
|---|---|---|---|
| 1 | 5,990,810 | 11/23/99 | Ross Neil Williams |
| 2 | | | |
| 3 | | | |
| 4 | | | |
| 5 | | | |

In the above—entitled case, the following decision has been rendered or judgement issued:

DECISION/JUDGEMENT

The case was transferred to the USDC for the Northern District of CA. (see DI 22 attached)

| CLERK<br>PETER T. DALLEO, CLERK OF COURT | (BY) DEPUTY CLERK<br>Francesca Tassone | DATE<br>3/7/2008 |
|---|---|---|

Copy 1—Upon initiation of action, mail this copy to Director    Copy 3—Upon termination of action, mail this copy to Director
Copy 2—Upon filing document adding patent(s), mail this copy to Director    Copy 4—Case file copy

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RIVERBED TECHNOLOGY INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civ. No. 08-16-SLR |
| ) | |
| QUANTUM CORPORATION, et al., ) | |
| ) | |
| Defendants. ) | |

**O R D E R**

At Wilmington this 27th day of February, 2008, having reviewed the pending motion to dismiss or, in the alternative, to transfer, as well as the parties' submissions regarding jurisdictional discovery, oral argument, and Judge Alsup's order;

IT IS ORDERED that the motion to dismiss is denied and the motion to transfer is granted (D.I. 12), based on the procedural history of this litigation.[1] Although I generally honor a plaintiff's choice of venue, I conclude that the California case is the first-filed in the context of the dispute between these parties. Moreover, consistent with Judge Alsup's order, it makes sense from "a practical judicial-administration viewpoint"

---

[1] More specifically, plaintiff in the case at bar, Riverbed, was sued in California by defendant Quantum for infringing Quantum's '810 patent; Riverbed counterclaimed for infringement of its '249 patent and successfully moved for dismissal of Quantum's California complaint based on a defect in Quantum's exclusive license. Before Quantum could cure the defect, Riverbed filed the above declaratory judgment action in this court, leaving Riverbed the counterclaim plaintiff in the California action and the declaratory judgment plaintiff at bar. (D.I. 20)

to have the entire dispute resolved through a single judge and jury. (D.I. 20) Therefore, although briefing is not complete, I conclude it would be a waste of the court's and parties' resources to pursue discovery or a further briefing practice on the pending motion and hereby order that the above captioned case be transferred to the United States District Court for the Northern District of California. The order scheduling oral argument (D.I. 17) is moot.

                                                     _____
                                                     United States District Judge